[Cite as *State v. Keene*, 2017-Ohio-7058.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,      :

          :    Case No. 16CA10

   Plaintiff-Appellee,    :

          :

   vs.         :    DECISION AND JUDGMENT
          :    ENTRY

CODY J. KEENE,      :

          :

   Defendant-Appellant.   :    **Released: 07/25/17**
_____

APPEARANCES:

Angela Miller, Jupiter, Florida, for Appellant.

Kevin A. Rings, Washington County Prosecuting Attorney, and Nicole Tipton Coil, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.
_____

McFarland, J.

{¶1} This is an appeal from a Washington County Court of Common Pleas judgment entry sentencing Appellant, Cody Keene, after he entered pleas of guilt to three counts of rape, in violation of R.C. 2907.02(A)(1)(b) and R.C. 2971.03, as well as one count of corrupting another with drugs, in violation of R.C. 2925.02(A)(4)(a). On appeal, Appellant contends that: 1) his sentence of life imprisonment with the possibility of parole after twenty-five years is not authorized by statute and is contrary to law, and that the sentence he received requires a conviction of a sexually violent predator

specification, which does not exist in this case; 2) his guilty plea was obtained in violation of the Fifth and Fourteenth Amendments to the United States Constitution; 3) the trial court abused its discretion and committed reversible error in overruling his motion to withdraw his guilty plea; 4) trial counsel rendered ineffective assistance in violation of his rights; and 5) the trial court violated due process and committed plain error when it imposed post-release control for his conviction for rape without statutory authority to do so.

{¶2} Because we have found no error or abuse of discretion on the part of the trial court in accepting Appellant's guilty pleas or in denying Appellant's motion to withdraw his guilty pleas, and because we have failed to find Appellant received ineffective assistance of counsel, Appellant's second, third and fourth assignments of error are overruled and his convictions on three counts of rape and one count of corrupting a minor with drugs are affirmed.  However, because we have concluded that the trial court erroneously sentenced Appellant to three terms of twenty-five years to life in prison on the rape charges, his first assignment of error is sustained and the portion of the trial court's judgment imposing sentence is reversed and remanded for further proceedings.  Finally, we find no merit to Appellant's fifth assignment of error, and it is, therefore, overruled.  Accordingly, the

judgment of the trial court is affirmed in part, reversed in part, and remanded

further proceedings consistent with this opinion.

FACTS

{¶3} On June 29, 2015, Appellant was indicted on three counts of

rape, in violation of R.C. 2907.02(A)(1)(b) and 2971.03. Although the

indictment stated these offenses were unscheduled felonies, they were

actually first degree felonies, which we will discuss in more detail below.

Appellant appeared at his arraignment, with counsel, and entered pleas of

not guilty to the charges. At his arraignment, Appellant was advised that the

rape charges were unscheduled felonies and was advised as follows with

regard to the penalties he was facing:

> "THE COURT:    * * * Now, Sir, if you have the misfortune of
> being found guilty, each one of these carries a fine of up to
> $20,000. Each carries a mandatory minimum of 75 years in
> prison to life in prison. It's an indefinite term.
>
> MR. RINGS: How much?
>
> THE BAILIFF: It's 25 years.
>
> MR. RINGS: 25.
>
> THE COURT: 25 to life.
>
> MR. RINGS: There you go.
>
> THE COURT: Okay. I'm sorry. Twent – each one carries a
> minimum of 25 to life. If you're found guilty of all three, that's
> where I want to go to, the most you can receive is $60,000 in

fines, life in prison.  The most would be 75 years to life in prison, Okay? * * * It would be five years mandatory post release control, also, if you got out.  So, do you understand the nature of the charges, the elements, and the penalty provisions?

THE DEFENDANT:  About, when you say five years mandatory, what does that mean, Your Honor?

THE COURT:  That means if you would get out at the end of 75 years and still be alive, you would be under the supervision of the Ohio Department of Rehabilitation and Corrections for five years following your release from prison.  If you would happen – can I ask how old you are?

THE DEFENDANT:  19.

THE COURT:  Okay.  So you would have to be 94 years old.  They would supervise you till you're 99.  Okay?  Do you understand?

THE DEFENDANT:  Yes, Your Honor."

{¶4} The matter proceeded to trial on December 17, 2015.  However, on the morning of the second day of trial the trial court was informed Appellant wished to change his previous pleas of not guilty to guilty and that Appellant further wished to resolve a separate pending case as part of the plea arrangement, whereby he would also plead guilty to corrupting another with drugs, a second degree felony in violation of R.C. 2925.02(A)(4)(a).  The record reflects that in exchange for entering pleas of guilt on these four charges, Appellant would be sentenced to three concurrent terms of twenty-five years to life in prison on the three rape charges, and the trial court

would be free to sentence him as it deemed appropriate after obtaining a pre-sentence investigation on the corrupting another with drugs charge.

{¶5} Again, throughout the change of plea hearing, Appellant was informed that he was facing sentences of a minimum of twenty-five years to life in prison on each rape charge. For instance, the following exchange took place:

> "THE COURT: * * * and in the three rape charges, the penalty, there's only one penalty, 25 years to life. Okay? That's the only – that is the only penalty. You understand that?
>
> THE DEFENDANT: Yes.
>
> * * *
>
> THE COURT: Normally, at this time, I explain community control or probation. Sir, in your case, you're not eligible for either. You understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You – there's no – it's 25 to life, there's no community control or probation. Do you understand that?
>
> THE DEFENDANT: Yes."

Despite incorrectly advising Appellant regarding the maximum prison terms he was facing on the rape charges, the trial court did engage in a thorough Crim.R. 11 colloquy with Appellant on the record. The trial court thereafter accepted Appellant's guilty pleas, ordered a pre-sentence investigation on

the corrupting another with drugs charge and scheduled the matter for sentencing.

{¶6} However, prior to the scheduled sentencing hearing, it appears Appellant sent two letters to the court, without the assistance of counsel, seeking to withdraw his guilty pleas. As a result, the trial court held a hearing on February 16, 2016, where Appellant was afforded the opportunity to be heard on his motion. Appellant's stated reasons for seeking to withdraw his pleas were that his attorney pressured him by telling him he was stupid if he didn't take the plea offer and that he was in a "rough" spot. Appellant's trial counsel testified that he did not pressure Appellant to enter the pleas and that it was Appellant's decision to enter the pleas. The State argued that Appellant simply had a change of heart and noted Appellant had not made a proclamation of innocence. The State further argued that Appellant entered the pleas to avoid the possibility of a "75 year prison sentence." The State ultimately denied Appellant's motion.

{¶7} Thereafter, on March 16, 2016, a sentencing hearing was held. At the hearing, Appellant questioned the length of the sentences for rape. When he told the judge he believed he should be sentenced to a "flat sentence of three, four, five, six, seven, eight, nine, ten" years because the crimes did not involve coercion, the trial court informed him "that's not the

crime you were charged with, sir." The trial court sentenced Appellant on each of the three rape counts to a minimum of twenty-five years to a maximum of life in prison, and ordered the three prison terms to be served concurrently. The trial court also imposed a five-year concurrent term of imprisonment on the corrupting another with drugs charge. The court further imposed five years of mandatory post-release control. It is from this final order that Appellant now brings his timely appeal, setting forth five assignments of error for our review.

ASSIGNMENTS OF ERROR

"I.     KEENE'S SENTENCE OF LIFE IMPRISONMENT WITH THE POSSIBILITY OF PAROLE AFTER TWENTY-FIVE YEARS IS NOT AUTHORIZED BY STATUTE AND CONTRARY TO LAW. THAT SENTENCE REQUIRES A CONVICTION OF A SEXUALLY VIOLENT PREDATOR SPECIFICATION, WHICH DOES NOT EXIST IN KEENE'S CASE.

II.    APPELLANT'S GUILTY PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND CRIM.R. 11(C).

III.   THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN OVERRULING KEENE'S MOTION TO WITHDRAW HIS GUILTY PLEA.

IV.    TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF KEENE'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ARTICLE I, §§ 5, 10 AND 16.

V.      THE TRIAL COURT VIOLATED DUE PROCESS AND COMMITTED PLAIN ERROR WHEN IT IMPOSED POST RELEASE CONTROL FOR APPELLANT'S CONVICTION FOR RAPE (R.C. 2907.02(A)(1)(b)) WITHOUT STATUTORY AUTHORITY TO DO SO."

ASSIGNMENT OF ERROR I

{¶8} In his first assignment of error, Appellant contends that his sentence of life imprisonment with the possibility of parole after twenty-five years is not authorized by statute and is contrary to law, as that sentence requires a conviction of a sexually violent predator specification, which does not exist in this case. The State concedes the sentencing error and agrees that Appellant's sentences should be reversed and new sentences of life imprisonment with the possibility of parole after serving ten years should be imposed. Having independently reviewed this assignment of error, we agree with both parties that the sentences imposed for the three counts of rape were contrary to law.

{¶9} When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence or may vacate the sentence and remand the matter to the sentencing court if it clearly and convincingly finds either "[t]hat the record does not support the sentencing

court's findings under division (B) or (D) of section 2929.13, division

(B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of

the Revised Code, whichever, if any, is relevant" or "[t]hat the sentence is

otherwise contrary to law." *See State v. Mullins*, 4th Dist. Scioto No.

15CA3716, 2016-Ohio-5486, ¶ 25.

{**¶10**} Here, Appellant pleaded guilty to three counts of rape in

violation of R.C. 2907.02(A)(1)(b).  Although the indictments and entire

record in this matter state that these charges were unscheduled felonies, R.C.

2907.02 clearly provides that rape is a first degree felony.  R.C. 2907.02(A)

provides as follows:

> "(A)(1) No person shall engage in sexual conduct with another
> who is not the spouse of the offender or who is the spouse of
> the offender but is living separate and apart from the offender,
> when any of the following applies:
>
> (a) For the purpose of preventing resistance, the offender
> substantially impairs the other person's judgment or control by
> administering any drug, intoxicant, or controlled substance to
> the other person surreptitiously or by force, threat of force, or
> deception.
>
> *(b) The other person is less than thirteen years of age, whether
> or not the offender knows the age of the other person.*
>
> (c) The other person's ability to resist or consent is substantially
> impaired because of a mental or physical condition or because
> of advanced age, and the offender knows or has reasonable
> cause to believe that the other person's ability to resist or
> consent is substantially impaired because of a mental or

physical condition or because of advanced age." (Emphasis added).

As set forth above, Appellant was convicted of three counts of rape in violation of R.C. 2907.02(A)(1)(b), as his victim was less than thirteen years of age. However, there was no force, threat of force or deception involved. Instead, the record indicates Appellant was in a relationship with the victim, with the knowledge and consent of the victim's mother at the time the offenses were committed.

{¶11} R.C. 2907.02 further provides, in pertinent part, as follows with regard to the sentence that should be imposed for a violation of R.C. 2907.02(A)(1)(b):

> "(B) Whoever violates this section is guilty of rape, a felony of the first degree. * * * Except as otherwise provided in this division, notwithstanding sections 2929.11 to 2929.14 of the Revised Code, an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code. * * *."

{¶12} Appellant appears to have been sentenced under R.C. 2971.03(A)(3)(d)(i) to three concurrent sentences of twenty-five years to life in prison for the rape convictions. However, section (A) of R.C. 2971.03 applies to only one who commits the following:

> "a violent sex offense and who also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or

information charging that offense, and upon a person who is
convicted of or pleads guilty to a designated homicide, assault,
or kidnapping offense and also is convicted of or pleads guilty
to both a sexual motivation specification and a sexually violent
predator specification that were included in the indictment,
count in the indictment, or information charging that offense."

R.C. 2971.03(A) does not apply to Appellant because he was not charged

with and did not plead guilty to a sexually violent predator specification.

**{¶13}** Instead, Appellant should have been sentenced under R.C.

2971.03(B), which provides, as follows:

"(B)(1) Notwithstanding section 2929.13, division (A) or (D) of
section 2929.14, or another section of the Revised Code other
than division (B) of section 2907.02 or divisions (B) and (C) of
section 2929.14 of the Revised Code that authorizes or requires
a specified prison term or a mandatory prison term for a person
who is convicted of or pleads guilty to a felony or that specifies
the manner and place of service of a prison term or term of
imprisonment, if a person is convicted of or pleads guilty to a
violation of division (A)(1)(b) of section 2907.02 of the
Revised Code committed on or after January 2, 2007, if
division (A) of this section does not apply regarding the person,
and if the court does not impose a sentence of life without
parole when authorized pursuant to division (B) of section
2907.02 of the Revised Code, the court shall impose upon the
person an indefinite prison term consisting of one of the
following:

*(a) Except as otherwise required in division (B)(1)(b) or (c) of
this section, a minimum term of ten years and a maximum term
of life imprisonment.*

(b) If the victim was less than ten years of age, a minimum term
of fifteen years and a maximum of life imprisonment.

(c) If the offender purposely compels the victim to submit by force or threat of force, or if the offender previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of section 2907.02 of the Revised Code or to violating an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of that section, or if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, a minimum term of twenty-five years and a maximum of life imprisonment." (Emphasis added).

{¶14} Based upon the foregoing, Appellant should have been sentenced to prison under R.C. 2971.03(B)(1)(a) for three terms of a minimum of ten years with maximum terms of life imprisonment.[1]  Thus, the sentences imposed upon Appellant for the three rape convictions were contrary to law.  As set forth above, the State concedes this error.  As such, Appellant's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

{¶15} Appellant contends in his second assignment of error that his guilty plea was obtained in violation of the Fifth and Fourteenth Amendments to the United States Constitution; Article I, Section 10 of the Ohio Constitution and Crim.R. 11(C).  Appellant contends that the issue presented is whether he entered a knowing and intelligent plea, where his plea was premised on inaccurate legal advice and where, in exchange for a

---

[1] It appears Appellant may have alternatively been incorrectly sentenced to a minimum of twenty-five years to life in prison under R.C. 2971.03(B)(1)(c), which has a force, threat of force or physical harm component.

plea of guilty, he was given a sentence that is contrary to law. While the State concedes that Appellant "was inaccurately informed by the court and his own attorney that the law required a sentence of twenty-five to life on each rape count, it argues Appellant still knowingly and intelligently accepted that guilty plea[,]" and the trial court substantially complied with Crim.R. 11.

{¶16} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7; quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). " 'An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards.' " *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 36; quoting *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, ¶ 13.

{¶17} "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *Veney* at ¶ 8. Before

accepting a guilty plea in a felony case a trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a).  The court must also inform the defendant of other matters under Crim.R. 11(C)(2)(b) and (c).

{¶18} This case involves the trial court's notification of nonconstitutional rights under Crim.R. 11(C)(2)(a), for which substantial compliance is sufficient; this means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *Veney* at ¶ 15; citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶19} A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must generally prove prejudice, which in this context means that the plea would otherwise have not been entered. *Veney* at ¶ 15.  An exception to the prejudice requirement occurs when the trial court failed to comply with the rule:

> "When the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule.  If the trial judge partially

complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *See Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163, and Crim.R. 52(A); *see also Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 23.  The test for prejudice is 'whether the plea would have otherwise been made.' *Nero* at 108, 564 N.E.2d 474, citing *Stewart, id.*  If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. *See Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d, 1224, paragraph two of the syllabus. 'A complete failure to comply with the rule does not implicate an analysis of prejudice.' *Id.* at ¶ 22. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32 (emphasis sic)."

**{¶20}** Here, Appellant contends that the trial court failed to comply with Crim.R. 11(C)(2) because it incorrectly advised him that he was facing three terms of a minimum of twenty-five years to life in prison on the three rape charges, rather than three terms of a minimum of ten years to life in prison.  And, not only was Appellant incorrectly advised by the trial court, there appears to have been a misunderstanding by the prosecutor and Appellant's counsel as to the correct penalty for the rape offenses Appellant was charged with as well and as the State concedes, Appellant was improperly advised of his maximum sentences.  Nonetheless, the State does not concede that Appellant's guilty pleas were not knowingly, intelligently and voluntarily made because of the trial court's erroneous notification regarding the maximum possible sentence.

{¶21} Based upon the record before us, we agree with the State's argument. Here, Appellant was incorrectly informed by the trial court, the prosecutor and his own counsel that he was facing, worst case scenario, an aggregate term of seventy-five years to life in prison if he should be found guilty. Appellant entered into a negotiated plea whereby he would enter pleas of guilt to all three rape counts, as well as a corrupting another with drugs charge that was a separate pending case, in exchange for the trial court's promise that it would impose the three twenty-five years to life sentences concurrently. The agreement also permitted the trial court to sentence Appellant as it deemed appropriate on the remaining corrupting charge.

{¶22} The State argues that if Appellant "knowingly and intelligently accepted that sentence, there is no reason to think that he would not have accepted a sentence which was less or for ten years to life." Thus, the State contends that Appellant has suffered no prejudice as a result of the error. We agree. Despite the fact that Appellant was incorrectly advised as to the maximum sentences he was facing, because the error in the notification was to Appellant's advantage, we cannot conclude that Appellant was prejudiced. As suggested by the State, it is reasonable to conclude that if Appellant was willing to plead guilty to the charges in exchange for three concurrent prison

terms of twenty-five years to life, then he would certainly have pleaded

guilty to three concurrent prison terms of ten years to life. Thus, Appellant

has not demonstrated that but for the misinformation, the pleas would have

not been entered. Therefore, we overrule Appellant's second assignment of

error.

## ASSIGNMENT OF ERROR III

{¶23} In his third assignment of error, Appellant contends that the

trial court abused its discretion and committed reversible error in overruling

his presentence motion to withdraw his guilty pleas. In particular, he argues

that 1) his pleas were based upon misinformation; 2) he essentially received

ineffective assistance of counsel prior to entering the plea in that he felt

pressured to plead guilty rather than take his case to trial and his counsel

actually argued against his motion; and 3) he was not receiving psychotropic

medications as recommended by a mental health professional. The State

contends that because the information provided to Appellant was to his

advantage he cannot show prejudice, that he has failed to prove he was

pressured by his counsel to plead guilty, and that he did not need

psychotropic drugs in order to knowingly and intelligently enter guilty pleas.

The State further contends that Appellant simply had a change of heart,

which is not enough to withdraw his guilty pleas.

**{¶24}** Initially, we note that trial courts possess discretion when deciding whether to grant or to deny a presentence motion to withdraw a guilty plea. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph two of the syllabus.  Thus, absent an abuse of discretion, appellate courts will not disturb a trial court's ruling concerning a motion to withdraw a guilty plea. *Id.* at 527.  " 'A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary.' " *State v. Keenan*, 143 Ohio St.3d 397, 38 N.E.3d 870, 2015–Ohio–2484, 38 N.E.3d 870, ¶ 7; quoting *State v. Darmond*, 135 Ohio St.3d 343, 2013–Ohio–966, 986 N.E.2d 971, ¶ 34.  An abuse of discretion includes a situation in which a trial court did not engage in a " 'sound reasoning process.' " *State v. Morris*, 132 Ohio St.3d 337, 2012–Ohio–2407, 972 N.E.2d 528, ¶ 14; quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).  Moreover, "[a]buse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." *Darmond* at ¶ 34.

**{¶25}** Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  Thus,

Crim.R. 32.1 permits a defendant to file a motion to withdraw a guilty plea before sentence is imposed. " '[A] presentence motion to withdraw a guilty plea should be freely and liberally granted.' " *State v. Ketterer*, 126 Ohio St.3d 448, 2010–Ohio–3831, 935 N.E.2d 9, ¶ 57; quoting *State v. Xie* at 527.

{¶26} While trial courts should "freely and liberally" grant a presentence motion to withdraw a guilty plea, a defendant does not "have an absolute right to withdraw a guilty plea prior to sentencing." *State v. Xie* at 527; *accord State v. Ketterer* at ¶ 57; *State v. Spivey*, 81 Ohio St.3d 405, 415, 692 N.E.2d 151 (1998); *State v. Wolfson*, 4th Dist. Lawrence No. 02CA28, 2003–Ohio–4440, ¶ 14. Instead, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at paragraph one of the syllabus; *accord State v. Boswell*, 121 Ohio St.3d 575, 906 N.E.2d 422, 2009–Ohio–1577, ¶ 10, superseded by statute on other grounds as stated in *State v. Singleton*, 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958. While a trial court possesses discretion to determine whether to grant or to deny a presentence motion to withdraw a guilty plea, it does not have discretion to determine if a hearing is required. *See Wolfson* at ¶ 15. Here, the trial court held a hearing and Appellant raises no argument with respect to the provision of the hearing.

{¶27} We have previously set forth a list of factors that we consider when determining whether a trial court abused its discretion by denying a presentence motion to withdraw a plea: " '(1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.' " *State v. Campbell*, 4th Dist. Athens No. 08CA31, 2009–Ohio–4992, ¶ 7; quoting *State v. McNeil*, 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist.2001).  Other considerations include: " '(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges.' " *Id.*; quoting *McNeil* at 176.  However, a change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea. *Id.*; citing *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

{¶28} Further, with respect to Appellant's ineffective assistance of counsel claim raised within this assignment of error, we note that criminal defendants have a right to counsel, including a right to the effective

assistance from counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90

S.Ct. 1441, (1970), fn.14; *State v. Stout*, 4th Dist. Gallia No. 07CA5, 2008–

Ohio–1366, ¶ 21.  To establish constitutionally ineffective assistance of

counsel, a criminal defendant must show (1) that his counsel's performance

was deficient, and (2) that the deficient performance prejudiced the defense

and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668,

687, 104 S.Ct. 2052, (1984); *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d

904 (2001); *State v. Goff*, 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998).

In addition, in *Xie*, the Ohio Supreme Court stated as follows at 524:

> "The *Strickland* test was applied to guilty pleas in *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. 'First, the defendant must show that counsel's performance was deficient.' *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Hill*, 474 U.S. at 57, 106 S.Ct. at 369, 88 L.Ed.2d at 209. Second, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *.' *Hill*, 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210; *see Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693."

"When considering whether trial counsel's representation amounts to

deficient performance, 'a court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional

assistance.' " *State v. Walters*, 4th Dist. Washington Nos. 13CA33, 13CA36,

2014–Ohio–4966, ¶ 23; quoting *Strickland* at 689.  "Thus, 'the defendant

must overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy.' " *Id*.; quoting

*Strickland* at 689. " 'A properly licensed attorney is presumed to execute his

duties in an ethical and competent manner.' " *Id*.; quoting *State v. Taylor*,

4th Dist. Washington No. 07CA1, 2008–Ohio–482, ¶ 10. "Therefore, a

defendant bears the burden to show ineffectiveness by demonstrating that

counsel's errors were so serious that he or she failed to function as the

counsel guaranteed by the Sixth Amendment." *Id*.

{¶29} We first address Appellant's contention that but for the

ineffective assistance of his counsel, he would not have pled guilty to the

charges at issue. Appellant argues the trial court should have permitted him

to withdraw his guilty pleas because his trial counsel misadvised him

regarding the maximum sentences he was facing for the rape charges. As set

forth above, although counsel did misadvise Appellant as to the maximum

sentence he was facing on the rape charges, we have already determined the

error that occurred in the maximum sentence advisement did not result in

prejudice to Appellant because the maximum sentences for Appellant's

crimes are actually less than what he was advised when he entered his pleas

of guilt. Further, we have already reversed the sentences imposed by the

trial court for the rape charges and Appellant will be re-sentenced

accordingly.

{¶30} Appellant further argues that but for pressure by counsel, he would not have pleaded guilty to the charges at issue, and that counsel's argument against his motion to withdraw his guilty pleas also constituted deficient performance. A review of the record indicates the following testimony by Appellant in support of his motion at the plea withdrawal hearing:

> "The Defendant: I want to try and go through with the motion to withdraw the guilty plea.
>
> The Court: Oh. Okay. Well, what do you want to say to say about it?
>
> The Defendant: Well, like, me and my lawyer have argued a lot.
>
> The Court: Mm-hum.
>
> The Defendant: And like -- and like -- I -- I, like, I want to say, he did kind of press me, but didn't press me to take the plea deal. Like, we argued over it and he said I was stupid if I didn't take it. We got into an argument and he said that he like -- he didn't want to be my lawyer. He told me to tell you to -- that if I want to fire him, he said he would have no objections to it. I mean, like -- like, under the circumstances, I mean, it's kind of a rough situation. I've been under a lot of pressure. I mean, like (inaudible).
>
> The Court: Anything else you want to say?
>
> Mr. Keene: --"

The record also contains testimony by Appellant's trial counsel as to whether Appellant was pressured to plead guilty, which is as follows:

"Mr. Blakeslee: Yeah. This is 40 years that I've done this. When I first started out practicing criminal defense law, I kind of got on people to take plea agreements that I felt were in their best interest, and I got kind of upset and kind of hard with -- with folks. Over the years, I've learned that it's really not my decision, on whether or not to accept a plea agreement or decide to go to trial. It's not my decision, and although I do urge people to do -- to do what I feel is -- is the best thing to do, I do make recommendations, and sometimes, it gets heated. But the bottom line is, my philosophy is, it's not my decision. And -- and we -- Cody said he wanted a trial. I told him I didn't feel that he should have one, but he wanted a trial, and we had it. His -- I remember that after the first day of trial, the decision was, Cory (sic) was asked, to you want to take the witness stand and testify on your own behalf. He said, I'd like to have some time to think about it, and the case was continued to the next day. I came to court, prepared to continue to try this case, and he made his own decision that he wanted to change his plea. And we entered into an agreement, and he understood exactly what the agreement was, and I did not make him do something that he didn't want to do."

{¶31} We cannot conclude, based upon the foregoing testimony, that Appellant's counsel unduly pressured him into pleading guilty or blatantly argued against the granting of his motion to withdraw his guilty pleas. As Appellant stated, in his own words, although his counsel pressed him, he did not pressure him into taking the pleas. Thus, this testimony does not demonstrate that but for pressure by counsel, Appellant would not have entered the pleas. Further, trial counsel admitted through his testimony, consistent with Appellant's testimony, that sometimes things can get heated during plea negotiations, especially when a client refuses a deal counsel

believes to be in his or her best interest.  We do not believe that trial counsel's testimony constitutes ineffective assistance of counsel.  As Appellant testified, he was in a "rough situation."  That situation existed separate and apart from the plea negotiations and was not brought on by the actions or representation of his trial counsel.

{¶32} We next address Appellant's argument that he was not receiving psychotropic medications as recommended by a mental health professional when he entered his pleas of guilt.  Initially, we note that the competency evaluation upon which Appellant bases his argument is not contained in the record on appeal.  As such, we must presume the validity of the trial court's determination. *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, ¶ 18; citing *State v. Philon*, 6th Dist. Erie No. E-93-15, 1994 WL 319058 (June 30, 1994), * 3 (absent the inclusion of a competency evaluation in the record on appeal, an appellate court will presume the validity of the trial court's proceedings); *State v. Glenn*, 4th Dist. Adams Nos. 11CA931 and 11CA932, 2012-Ohio-3190, ¶ 6, fn. 4 ("under App.R. 9(B) it is the duty of the appellant to order, in writing, from the court reporter, a complete transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record[.]").

Thus, we cannot evaluate any argument based upon the competency evaluation.

{¶33} Further, the testimony in the record that is properly before us indicates Appellant was not impaired in any way when he entered his guilty pleas.  For instance, the following exchange took place at the plea hearing:

> "The Court:  Do you now have or you -- and you can this yes or no, sir -- do you now have or have you ever had any mental illness, mental condition, or mental problems?
>
> The Defendant:  Yes.
>
> The Court:  Okay.  Is there anything in your mental health history or present mental health condition, that keeps you from fully understanding -- excuse me -- what is being said and what is happening in this courtroom today?
>
> The Defendant:  Not that I know of, no.
>
> The Court:  No.  You're understanding everything perfectly?
>
> The Defendant:  Yes.
>
> The Court:  Okay.  Do you have any physical health problems that keep you from fully understanding what's being said and what's happening in this courtroom today?
>
> The Defendant:  No.
>
> The Court:  Okay.  Are you under the influence of -- of any alcohol, medicine, or drugs today, legal or illegal?
>
> The Defendant:  No."

Based upon the foregoing, we reject Appellant's argument that the failure to provide him with psychotropic drugs as allegedly recommended by a mental health professional rendered his plea unknowing and involuntary.

{¶34} We next consider the factors relevant to a determination as to whether the trial court erred in denying Appellant's motion to withdraw his guilty plea. First, we have already determined that Appellant's counsel was not ineffective and there is nothing in the record to suggest his counsel was not highly competent. Second, we consider whether Appellant was given a full Crim.R. 11 hearing before entering his plea. We already determined that he was, and that the trial court did not err in accepting his guilty pleas under Appellant's second assignment of error. Third, the record reflects that Appellant was given a full hearing on his withdrawal motion, where he was afforded the opportunity to be heard on his reasons for seeking to withdraw his pleas. Fourth, the record reflects the trial court gave full and fair consideration of Appellant's motion, but ultimately issued a denial, reasoning that:

> "When I explained to the difference in the pleas, you fully understood at the change of plea, the options. The test for competency is, do you understand the charges against you and can you assist in your defense. The one thing you proved that last day of trial, is that you did understand the charges, because you were questioning me about things, and that you were able to assist in your defense. Now, this system can't allow people to manipulate it, and that's what you're trying to do. * * * But I

> honestly believe that you are manipulating the system. I
> honestly believe that you understood what you were doing
> every step of the way. There's no doubt about it. And -- and
> for a young man, you're in a -- you're in an awful bind. But I
> can't change that. I just can't change the facts. Okay? Now,
> the motion to withdraw your plea is denied. You had -- you
> understood what was happening."

These factors weigh against granting Appellant's motion to withdraw his

pleas.

{¶35} With respect to the additional factors to be considered, we note

that Appellant's motion was made within a reasonable time and before

sentencing and did set out specific reasons for the withdrawal. These factors

weigh in Appellant's favor. As discussed at length herein, although

Appellant was misinformed regarding the maximum sentences on the rape

charges, the error did not prejudice Appellant. As such, this factor weighs in

favor of denying Appellant's motion. Finally, with respect to the final factor,

Appellant has made no claim of actual innocence, as was pointed out the

State during the plea withdrawal hearing as follows:

> "I would also point out that, again, no claim of actual
> innocence. There's a little bit of talk about a threat. You know,
> Jack said, hey, we argued, or the Defendant said, we argued;
> Mr. Blakeslee's made clear, the decision was ultimately the
> Defendant's."

This claim went unrefuted at the plea withdrawal hearing. We further note

that Appellant has made no claim of actual innocence on appeal either.

{¶36} Based upon the record before us and taking into consideration the above factors, we cannot conclude that the trial court abused its discretion in denying Appellant's motion to withdraw his guilty pleas. Instead, a review of the record indicates Appellant merely had a change of heart, which is not grounds to grant a motion to withdraw a plea. Accordingly, Appellant's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

{¶37} In his fourth assignment of error, Appellant contends that his trial counsel rendered ineffective assistance. In particular, Appellant argues that his counsel was ineffective when he advised him to plead guilty and accept a sentence that is contrary to law, and when he argued against his own client's motion to withdraw his guilty plea. We have already set forth the standard of review for claims of ineffective assistance of counsel.

{¶38} In light of our disposition of Appellant's second and third assignments of error, which acknowledged the sentencing error at issue but found that the error was in Appellant's favor and did not result in prejudice, we cannot conclude that counsel's erroneous advisement that Appellant should enter pleas of guilt in exchange for a sentence that was, as has now been determined, contrary to law, resulted in prejudice so as to constitute ineffective assistance of counsel. Likewise, because we have already

rejected Appellant's argument that his counsel unduly pressured him into pleading guilty or argued against his motion to withdraw his guilty pleas as part of our analysis of Appellant's third assignment of error, we also reject the argument here. Accordingly, Appellant's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR V

{¶39} In his fifth assignment of error, Appellant contends that the trial court violated his due process rights and committed plain error when it imposed post-release control for Appellant's rape convictions under R.C. 2907.02(A)(1)(b) without statutory authority to do so. In support of his argument, Appellant states that rape of a victim under the age of thirteen is an unclassified felony, and that post-release control does not apply to defendants convicted of unclassified felonies. As set forth above, although the indictments and entire record in this matter state that these charges were unscheduled felonies, R.C. 2907.02 clearly provides that rape is a first degree felony.

{¶40} We acknowledge that Appellant is correct is his argument that post-release control does not apply to unscheduled, or unclassified, or special felonies. As noted by the Ninth District Court of Appeals in *State v. Pope*, 9th Dist. Summit No. 26928, 2014-Ohio-3212, ¶ 21, R.C. 2967.28,

which governs post-release control, "does not permit the imposition of post [] release control on unclassified felonies." Citing *State v Reed*, 9th Dist. Wayne No. 12CA0051, 2013-Ohio-3970, ¶ 77; *See also State v. Moore*, supra, at ¶ 27 ("Postrelease control is not required for persons convicted of special felonies like aggravated murder or murder.") (internal citations omitted). However, because the rape charges at issue here were first degree felony sex offenses, post-release control does apply. *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 14 ("After applying the rules of grammar and common usage to R.C. 2967.28(B)(1), we find that the statute's plain, unambiguous language expressly requires the inclusion of a mandatory postrelease-control term of five years for each prison sentence for felonies of the first degree and felony sex offenses."). Accordingly, we find no merit to the arguments raised under Appellant's fifth assignment of error and it is overruled.

## CONCLUSION

{¶41} Here, because we have found no error or abuse of discretion on the part of the trial court in accepting Appellant's guilty pleas or in denying Appellant's motion to withdraw his guilty pleas, or find Appellant received ineffective assistance of counsel, Appellant's second, third and fourth assignments of error are overruled and his convictions on three counts of

rape and one count of corrupting a minor with drugs are affirmed. Yet, because we have concluded that the trial court erroneously sentenced Appellant to three terms of twenty-five years to life in prison on the rape charges, his first assignment of error is sustained and the portion of the trial court's decision imposing sentence is reversed and remanded for further proceedings. Finally, we find no merit to Appellant's fifth assignment of error, and it is, therefore, overruled. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and remanded further proceedings consistent with this opinion.

**JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS**.

Harsha, J., concurring:

{¶42} Keene's second assignment of error asserts that his guilty plea was invalid because his maximum potential sentence was overstated, thus he contends he was not properly advised of the "maximum penalty involved" for the rape charges in contravention of Crim.R. 11(C)(2)(a). Keene's claim involves a nonconstitutional right, and the "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. To demonstrate prejudice "the defendant must show that the plea would otherwise not have been entered." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15.

{¶43} In Keene's appellate briefs he does not argue, much less establish, that he would not have pleaded guilty had he been informed of the appropriate maximum penalty, i.e., that each rape charge was subject to a maximum sentence of 10 years to life instead of 25 years to life. In fact, establishing such a fact would seem most difficult. *See State v. Barner*, 4th Dist. Meigs No. 10CA9, 2012-Ohio-4584, ¶ 13 ("Furthermore, it is hard to see how Barner could have been prejudiced by an overstatement of penalities, i.e., that he would not have pled guilty if the penalty was explained correctly."); *see also State v. Calvin*, 8th Dist. Cuyahoga No.

100296, 2015-Ohio-2759, Par. 24, citing *Barner* and a 2nd Dist. case for the proposition that "[I]t is hard to demonstrate prejudice when an overstatement of the maximum penalty was given, and [the defendant] still entered his guilty pleas."

{¶44} Therefore, I agree that Keene's second assignment of error is meritless and properly overruled.

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.  Appellant and Appellee shall split costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:     Concurs in Judgment and Opinion.
Harsha, J.:   Concurs with Opinion.

For the Court,

BY:   _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL:     Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**