[Cite as *State v. Nelson*, 2021-Ohio-2752.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS  COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No.  20CA3733 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| JAMES NELSON, | : | |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Steven H. Eckstein, Washington Court House, Ohio, for Appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, Pamela C. Wells, Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} James Nelson appeals the judgment entry of sentence filed August 21, 2020 in the Ross County Court of Common Pleas.  Nelson entered a plea to aggravated trafficking in drugs, a felony of the third degree. On appeal, Nelson raises a general challenge to the validity of his guilty plea.  However, having fully reviewed the entire record, particularly the plea hearing transcript, we find no merit to Nelson's arguments.  Accordingly, we overrule the sole assignment of error and affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} In November 2019, James Nelson, "Appellant," was indicted by the Ross County Grand Jury on one count of aggravated trafficking in drugs, R.C. 2925.03, a felony of the third degree. Appellant subsequently entered a not guilty plea and was appointed counsel. After engaging in discovery and motion practice, on July 9, 2020, the State of Ohio and Appellant reached a joint plea recommendation. In exchange for Appellant's guilty plea as charged in the indictment, the parties would jointly recommend an 18-month sentence. Furthermore, there would be no indictment for a previous failure to appear charge during the proceedings.

{¶3} Appellant was also granted a furlough between the plea date and the sentencing date in order to get his affairs in order. Appellant was warned by the trial court and his own attorney of the repercussions which would follow if he failed to appear for sentencing on August 13, 2020, or if he failed a drug test on that date.

{¶4} On the sentencing date, Appellant was 90 minutes late and failed to provide a valid urine sample. Appellant also admitted that he had used methamphetamine the day before and that he would have tested positive for THC. The trial court thereafter imposed a prison sentence of 24 months.

{¶5} This matter comes before the court upon delayed appeal. We will set forth the particulars of the trial court's colloquy with Appellant at the change of plea hearing below.

## ASSIGNMENT OF ERROR

I.    DEFENDANT-APPELLANT'S GUILTY PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONTSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND CRIM.R. 11(C).

## STANDARD OF REVIEW

{¶6} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Vore,* 4th Dist. Athens No. 19CA06, 2021-Ohio-185, at ¶ 9, (internal citations omitted), quoting *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). " ' "An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." ' " *State v. Keene,* 2017-Ohio-7058, 95 N.E.23d 597, (4th Dist.), at ¶ 16, quoting *State v. Leonhart*, 4th Dist.

Washington No. 13CA38, 2014-Ohio-5601, at ¶ 36, quoting *State v. Moore,*

4th Dist. Adams No. 13CA965, 2014-Ohio-3024, at ¶ 13.

## LEGAL ANALYSIS

{¶7} Appellant argues that his guilty plea was not knowingly,

intelligently, or voluntarily made because the trial court failed to comply

with Crim.R.11(C)(2), which provides as follows:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

However, as the State's brief accurately notes, Appellant does not cite a specific purported error but simply claims the colloquy was "insufficient," without making further argument.

{¶8} For each assignment of error presented for review, an appellant must identify the specific parts of the record where the alleged error occurred. *See* App.R. 16(A)(3); App.R. 16(A)(7) (requiring that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review * * * with citations to the authorities, statutes, and parts of the record on which appellant relies"); *Jones v. Jones,* 4th Dist. Highland No. 20CA3, 2021-Ohio-1498, at ¶ 36. "This rule is designed 'to aid the reviewing court in determining whether any reversible error occurred in the lower court by having the complaining party specify the exact location(s) where such a determination can be made.' " *Mayfair Village Condominium Owners Assn. v. Grynko,* 8th Dist. Cuyahoga No. 99264, 2013-Ohio-2100, at ¶ 6, quoting *Hildreth Mfg. v. Semco, Inc.,* 151 Ohio App.3d 693, 2003-Ohio-741, 785 N.E.2d 774, ¶ 32 (3d Dist.).

{¶9} In general, an appellate court may disregard an assignment of error when the appellant fails to identify the relevant portions of the record upon which an assignment of error is based. *See* App.R. 12(A)(2); *see also*

*Mayfair Village Condominium Owners Assn.* at ¶ 6, citing *Nob Hill E.*

*Condominium Assn. v. Grundstein,* 8th Dist. Cuyahoga No. 95919, 2011-

Ohio-2552, at ¶ 11 (stating that an appellate court is "not obliged to scour

the record in search of evidence to support an appellant's assignment of

error").  However, in the interest of justice, we will conduct the de novo

review in order to consider Appellant's sole assignment of error.

{¶10} " ' "Crim.R. 11(C) governs the process that a trial court must

use before accepting a felony plea of guilty or no contest." ' " *Vore, supra*,

at ¶ 11, quoting *Keene, supra,* at ¶ 17, quoting *State v. Veney,* 120 Ohio St.

3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 8.  In *Veney,* the Supreme

Court of Ohio held:

> [A] trial court must strictly comply with Crim.R.
> 11(C)(2)(c) and orally advise a defendant before
> accepting a felony plea that the plea waives (1) the right
> to a jury trial, (2) the right to confront one's accusers, (3)
> the right to compulsory process to obtain witnesses, (4)
> the right to require the state to prove guilt beyond a
> reasonable doubt, and (5) the privilege against
> compulsory self-incrimination. When a trial court fails to
> strictly comply with this duty, the defendant's plea is
> invalid.

*Id.* at ¶ 31.  *See also, Vore, supra,* at ¶ 12, citing *State v. Smith,* 4th Dist.

Ross No. 19CA3680, 2019-Ohio-4115, at ¶ 10.

{¶11} The July 9, 2020 plea hearing transcript, beginning at page 11,

demonstrates that the trial court strictly complied with notification of

Appellant's constitutional rights which would be waived when Appellant

entered his plea.  The transcript provides as follows:

The Court:  Mr. Nelson, I need to make sure you understand you're waiving

important constitutional rights in giving your plea today, so

first, do you understand that you have a right to a speedy,

public trial by a jury of 12 persons?

Mr. Nelson: Yes, Sir.

The Court:  Do you understand that at a trial, the State of Ohio has the

burden to prove your guilt beyond a reasonable doubt as to each

element of each offense for which you are charged?

Mr. Nelson: Yes, Sir.

The Court:  Do you understand that all 12 jurors must agree that the State of

Ohio has proven your guilt beyond a reasonable doubt before

you can be convicted of any offense?

Mr. Nelson: Yes, Sir.

The Court:  Do you understand that you have the right to effective

assistance of counsel throughout these proceedings?

Mr. Nelson: Yes, Sir.

The Court:  Do you understand that you, through your attorney, have the right to confront and cross-examine any witness who testifies against you?

Mr. Nelson: Yes, Sir.

The Court:  Do you understand that you have a right to compulsory process to compel the attendance of witnesses at trial by the issuance of subpoenas?

Mr. Nelson: Yes, Sir.

The Court:  Do you understand that you have a right against self-incrimination and cannot be forced to testify against yourself at trial?

Mr. Nelson: Yes, Sir.

The Court:  Do you understand that if you elect not to testify at trial, your silence cannot be used against you to prove your guilt?

Mr. Nelson: Yes, Sir.

The Court:  Do you understand each of these rights?

Mr. Nelson: Yes, Sir.

The Court:  Do you have any questions about your constitutional rights?

Mr. Nelson: No, Sir.

The Court:  Is it your intent to voluntarily waive those rights?

Mr. Nelson: Yes, Sir.

{¶12} The record could not be clearer that the trial court strictly complied with Crim.R. 11(C)(2)(c) with regard to notification of Appellant's constitutional rights.  To argue otherwise is somewhat disingenuous. Assuming this is the argument Appellant is making, we find it to be without merit.

{¶13} The Supreme Court in *Veney* also noted that with respect to the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and 11 (C)(2)(b), substantial compliance is sufficient.  *Id*. at ¶ 14, citing, *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).  *See also, Vore, supra,* at ¶ 12.  *Veney* further explains that substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.  *See Veney* at ¶ 15; citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *Vore, supra.*  " ' "A defendant who challenges [his or her] guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must generally prove prejudice, which in this context means that the plea would otherwise have not been entered." ' "  *Vore, supra,* quoting, *Keene, at* ¶ 19 and *Veney* at ¶ 15.

{¶14} In this case, the July 9, 2020 plea hearing transcript reflects that the trial court not only substantially complied, but arguably, strictly complied with notification of Appellant's non-constitutional rights. The transcript reveals that the hearing began with Appellant's counsel reciting into the record the terms of the plea agreement. The assistant prosecutor verified the terms of the agreement. Thereafter, the trial court inquired about Appellant's background. Appellant informed the court he was 44 years old. He had obtained a GED and was able to speak, read, and write English. Appellant also informed the court he was not under the influence of medications, drugs, or alcohol, and that he did not suffer and had never suffered from mental illness, disease, or incapacity.

{¶15} The trial court also inquired as to whether Appellant had been threatened or coerced into entering the plea, which Appellant denied. Appellant also confirmed that aside from the plea negotiations, no one had promised him anything in exchange for his guilty plea. Appellant also confirmed that what was read into the record was his understanding of the plea agreement. He did not have further questions for the trial court.

{¶16} Next, the trial court reviewed the plea of guilty form Appellant signed. Appellant confirmed his signature on the form. Appellant told the trial court that he reviewed the form with his attorney, understood the form,

and voluntarily signed it.  Appellant also confirmed his understanding that by signing the form he was making a complete admission of guilt to the count contained in the indictment.  Finally, Appellant confirmed that he had consulted with his lawyer and was satisfied with his lawyer's representation.

{¶17} Beginning at page 8, the hearing transcript demonstrates as follows:

The Court:  Do you understand that upon acceptance of your plea of guilty, the court could reject the plea agreement and proceed immediately with sentencing?

Mr. Nelson: Yes, Sir.

The Court:  Knowing that the court is not obligated to follow the plea recommendation, do you still wish to proceed with your plea today?

Mr. Nelson: Yes, Sir.

* * *

The Court:  Mr. Nelson, the indictment charges you with one count of aggravated trafficking in drugs, a third-degree felony.  It reads that 'James Nelson, on or about the 17th day of June 2019, in Ross County, did knowingly sell or offer to sell methamphetamine, a schedule II controlled substance, in an

amount equal to or exceeding the bulk amount, but less than five times the bulk amount, in violation of section 2925.03 of the Ohio Revised Code.' Do you believe you understand the allegations contained in the indictment?

Mr. Nelson: Yes, Sir.

The Court: Mr. Nelson, you are charged, like I said, with a third degree felony. This particular offense is punishable by a potential prison term of between nine and 36 months in prison and up to a $10,000 fine. Do you understand the potential penalties?

Mr. Nelson: Yes, Sir.

The Court: Do you understand that if you are sentenced to prison, you may have to serve a period of post release control as part of your sentence after you're released from prison?

Mr. Nelson: Yes, Sir.

The Court: And you understand that you would be subject to up to three years of post release control at the discretion of the Department of Corrections?

Mr. Nelson: Yes, Sir.

The Court:   Do you understand that if you violate the conditions of post

release control, the parole board may impose upon you a new

prison term of up to nine months for each violation?

Mr. Nelson: Yes, Sir.

The Court:   Do you understand that this court can sentence you to up to a

maximum prison term for all violations of up to one half of the

prison term originally imposed by this court?

Mr. Nelson: Yes, Sir.

The Court:   Do you understand that if you're convicted of a new felony

while on post release control that in addition to being punished

for the new offense, the sentencing court could impose upon

you an additional prison term of either 12 months or the time

remaining on your post release control term, whichever is

greater?

Mr. Nelson: Yes, Sir.

{¶18} Assuming that Appellant's argument is that the trial court failed to substantially comply with the nonconstitutional notifications of Crim.R. 11(C)(2)(a) and (b), we find no merit to this argument.

{¶19} The Ohio Supreme Court has also noted that there is "no easy or exact way to determine what someone subjectively understands," but

where the defendant receives the proper information, "we can ordinarily assume that he understands that information." *State v. Carter,* 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979); *State v. Nelson*, 8th Dist. Cuyahoga No. 107823, 2019-Ohio-3365, at ¶ 19; *State v. Nevels,* 8th Dist. Cuyahoga No. 108395, 2020-Ohio-915; *Vore, supra.* In deciding whether the defendant had the required information, we look at the facts and circumstances surrounding the case. *Carter supra. Carter, Nelson, Nevels,* and *Vore* each addressed claims that defendants' pleas were not knowingly, intelligently, or voluntarily made.

{¶20} The record reflects that in this case, Appellant held all necessary information, and there is every reason to assume he understood the information he received. The trial court inquired into Appellant's background, education, and ability to understand the information. The trial court inquired as to whether Appellant was making the plea voluntarily, without coercion or duress. The record reflects that the trial court strictly complied with not only giving Appellant the constitutional notifications required by Crim.R. 11(C)(2)(c), but also by providing the nonconstitutional notifications as required by Crim.R. 11(C)(2)(a) and (b).

{¶21} Based on our de novo review of the record, we find no basis to support Appellant's contention that the trial court did not fully comply with

Crim.R. 11(C)(2). We have no basis to conclude Appellant's plea was not knowingly, intelligently, and voluntarily made. For the foregoing reasons, we find no merit to Appellant's sole assignment of error. Accordingly, it is hereby overruled and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Wilkin, J., Concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**