DECISION AND JUDGMENT ENTRY
{¶ 1} Robert Jackson Hall, the biological father of Austin Michael Archer Hall, appeals the Ross County Court of Common Pleas, Probate Division, entry finding that Patrick James Chapman, Jr., the step-father petitioner for the adoption of Austin, complied with the service of notice provisions of R.C. 3107.11 and Civ.R. 73. The court found that the probate court had jurisdiction over Hall to render its judgments and overruled Hall's Civ.R. 60(B) motion for relief from judgment. Hall contends that the trial court erred because the service by publication was defective. We agree because Chapman failed to give Hall at least twenty days notice before the hearing as required by R.C. 3107.11(A)(2). Hall further claims that the trial court erred in overruling his Civ.R. 60(B) motion because it would not allow him to address the merits, excluded exhibits, and rendered a judgment that was against the manifest weight of the evidence. We do not reach these arguments because they are moot. Accordingly, we vacate the trial court's (1) Journal Entry filed on August 9, 2002, (2) Judgment Entry Finding Consent Not Required filed on August 9, 2002, and (3) Final Decree of Adoption filed on September 13, 2002. We remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 2} On May 7, 2002, Chapman filed a petition to adopt his four-year-old stepson — Austin. He alleged that Hall's consent to the adoption was not necessary because Hall had failed to support and failed to contact Austin for one year preceding the filing of the petition. The trial court approved Chapman's request that Hall be served by publication based on the affidavit of Katherine Mae Chapman, which stated that Hall's address was unknown and could not be ascertained with due diligence. Katherine is Chapman's wife and Austin's mother. The trial court set the hearing on the petition for adoption for 8:30 a.m. on August 9, 2002.
 {¶ 3} The service of the notice to Hall of the August 9, 2002 hearing was by publication in the Chillicothe Gazette for three consecutive Wednesdays — July 10, 17, 24, 2002. Hall did not appear for the August 9, 2002 hearing. The trial court found that Hall's consent was not necessary and continued the matter for a "Best Interest Hearing" at 9:00 a.m. on September 13, 2002. The court filed a Final Decree of Adoption on September 13, 2002 without Hall's participation.
 {¶ 4} On February 11, 2003, Hall entered his first appearance by filing a motion for relief from judgment. One of Hall's arguments in the trial court was that the service of the notice by publication was defective. After an evidentiary hearing and written arguments, the trial court filed an entry on May 12, 2003. In its entry the court stated: "Although the father's motion is identified as a `Motion for Relief from Judgment,' the argument presented in support of the motion also raises questions regarding the jurisdiction of this Court. If the service by publication process is found to be defective, the Court was without jurisdiction over the adoption proceedings. Although the jurisdictional issue has not been specifically raised or argued by movant, the Court will address both issues." The trial court went on to find that the court had jurisdiction over the adoption proceedings because the requirements of R.C. 3107.11(B) and Civ.R. 73(E)(6) were met. The court also overruled Hall's Civ.R. 60(B) motion for relief from judgment.
 {¶ 5} Hall appeals and asserts four assignments of error: "I. The trial court erred in its holding that service by publication was not defective. II. The trial court erred in not allowing the appellant to address the issues of the merits. III. The trial court erred in excluding the exhibits presented by the appellant. iv. the trial [court] erred in overruling the motion for relief from judgement as such was against the manifest weight of the evidence."
 II. {¶ 6} Hall argues that the service of notice on him by publication was defective. He specifically claims that Katherine's affidavit is wrong. He maintains that Katherine could have found out is current address simply by asking his mother. He asserts that Katherine did not use reasonable diligence in trying to ascertain his address.
 {¶ 7} Hall presented these same arguments in the trial court with the court stating that these arguments raise questions about the jurisdiction of the court. The court then examined R.C. 3107.11 and Civ.R. 73, and concluded that it did have jurisdiction over Hall in the adoption proceedings. Like the trial court, we also find that Hall's arguments raise an issue of jurisdiction. Our review is de novo.
 {¶ 8} The relationship between a parent and child is a constitutionally protected liberty interest. In re Adoption of Zschach
(1996), 75 Ohio St.3d 648, 653. A parent's right to raise a child is an "essential" and "basic" civil right. In re Murray (1990),52 Ohio St.3d 155, 157, quoting Stanley v. Illinois (1972), 405 U.S. 645,651. The permanent termination of parental rights is the "family law equivalent to the death penalty in criminal law." In re Hayes (1997),79 Ohio St.3d 46, 48, quoting In re Smith (1991), 77 Ohio App.3d 1, 16. Therefore, the court must grant the affected parent "every procedural and substantive protection the law allows" when it determines whether to permanently terminate parental rights. Id.
 {¶ 9} "Ohio's adoption statutes ha[ve] the effect of abrogating the common-law rights of natural parents and, for that reason, must be strictly construed to protect the rights of natural parents." In reAdoptions of Groh, 153 Ohio App.3d 414, 427, 2003-Ohio-3087, citing the holding in In re Adoption of Jorgensen (1986), 33 Ohio App.3d 207, 209. Because service by publication is a last resort device, it will be strictly enforced. Northland Dodge, Inc. v. Damachi (1978),56 Ohio App.2d 262, 264.
 {¶ 10} R.C. 3107.11(A)(2) provides in relevant part: "After the filing of a petition to adopt * * * [a] minor, the court shall fix a time and place for hearing the petition. * * *. At least twenty days beforethe date of hearing, notice of the filing of the petition and of the timeand place of hearing shall be given by the court to * * * [a] person whose consent is not required as provided by division (A), (G), (H), or (I) of section 3107.07 of the Revised Code and has not consented[.]" (Emphasis added.) "Service by publication shall be complete at the date of the last publication." Civ.R. 73(F).
 {¶ 11} Here, the date of the last publication of the notice to Hall was July 24, 2002. The date of the hearing was August 9, 2002. Hence, the twenty-day notice requirement in R.C. 3107.11(A) was not met. We must strictly construe the notice requirement in Hall's favor. Consequently, the trial court did not have jurisdiction over Hall in the adoption proceedings.
 {¶ 12} Accordingly, we sustain the part of Hall's first assignment of error that involves jurisdiction.
 {¶ 13} The remainder of Hall's arguments and assignments of error are moot. See App.R. 12(A)(1)(c).
 III. {¶ 14} In conclusion, we find that the trial court did not have jurisdiction over Hall for the adoption proceedings. We reverse the judgment of the trial court, vacate the trial court's (1) Journal Entry filed on August 9, 2002, (2) Judgment Entry Finding Consent Not Required filed on August 9, 2002, and (3) Final Decree of Adoption filed on September 13, 2002, and remand this cause to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Harsha, J. and Abele, J., concur in Judgment and Opinion.