[Cite as *In re Adoption of T.C.W.*, 2020-Ohio-1484.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF: | : | Case No. 19CA6 |
| | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| T.C.W. | : | <u>ENTRY</u> |
| | : | |

<u>APPEARANCES</u>:

Lindsey A.B. Price, Price Law Office, Pomeroy, Ohio, for Appellant.

Trenton Cleland, Law Office of Trenton Cleland, Pomeroy, Ohio, for Appellee.[1]

Smith, P.J.

{¶1} Appellant, S.E., appeals the trial court's judgment that entered an adoption decree determining that his consent to the adoption of his child was not required. Appellant first argues that the trial court did not afford him due process of law. Specifically, Appellant contends that the court violated his due process rights by (1) failing to give him the statutorily-required twenty-day notice of the adoption petition hearing, (2) by excluding him

---

[1] Appellee has not filed an appellate brief or otherwise appeared in this appeal. When an appellee fails to file an appellate brief, App.R. 18(C) authorizes us to accept an appellant's statement of facts and issues as correct, then reverse a trial court's judgment as long as the appellant's brief "reasonably appears to sustain such action." In other words, an appellate court may reverse a judgment based solely on consideration of an appellant's brief. *Harper v. Neal*, 4th Dist. Hocking No. 15CA25, 2016-Ohio-7179, 2016 WL 5874628, ¶ 14, citing *Fed. Ins. Co. v. Fredericks*, 2nd Dist., 2015-Ohio-694, 29 N.E.3d 313, 330–31, ¶ 79; *Sites v. Sites*, 4th Dist. Lawrence No. 09CA19, 2010-Ohio-2748, 2010 WL 2391647, ¶ 13; *Sprouse v. Miller*, Lawrence App. No. 06CA37, 2007-Ohio-4397, 2007 WL 2410894, fn. 1.

from part of the consent portion of the hearing, and (3) by excluding him from the entire best-interest portion of the hearing.

{¶2} Appellant did not object to any of the alleged errors at a time when the trial court could have avoided any error.  Thus, we review Appellant's first assignment of error for plain error and will reverse the trial court's judgment only if necessary to prevent a manifest miscarriage of justice.

{¶3} The alleged inadequate notice did not infringe upon Appellant's due process rights in a manner that requires us to reverse the trial court's judgment.  Instead, Appellant's appearance and participation in the hearing indicates that he received notice of the hearing.  Appellant did not argue before the trial court that the notice was insufficient or that he needed additional time to prepare for the hearing.  We thus do not believe that failing to recognize any defect in the notification procedure would result in a manifest miscarriage of justice.

{¶4}  Furthermore, we do not believe that the trial court deprived Appellant of an opportunity to be heard regarding the consent issue by ordering court staff to escort him from the hearing after the court had determined that Appellant's consent to the adoption was not required. Before the court ordered Appellant's removal, the court gave Appellant a

fair opportunity to be heard regarding whether Appellant's failure to have more than de minimis contact with the child was justifiable. Therefore, we do not believe that failing to recognize any error the court may have made by ordering Appellant's removal after it determined his consent was not required resulted in a manifest miscarriage of justice as it pertains to the consent issue.

{¶5} However, we believe that the trial court erred by excluding Appellant from the best-interest part of the hearing. By excluding Appellant from the best-interest part of the hearing, the court deprived Appellant of his only and last opportunity to be heard regarding the child's best interest and the termination of his parental rights. For this reason, we believe that failing to recognize the court's error in excluding Appellant from the best-interest part of the hearing would result in a manifest miscarriage of justice. Accordingly, we sustain the part of Appellant's first assignment of error directed to the trial court's decision that removed him from the courtroom before the best-interest portion of the hearing.

{¶6} Appellant next challenges the trial court's finding that his consent to the adoption is not required. He contends that the court incorrectly concluded that he failed to have more than de minimis contact with the child and that he lacked justifiable cause for the failure. We

disagree. Appellant admitted that he has not had direct contact with the child in approximately three years. Moreover, Appellant's only contacts with the child were a 2017 Christmas package and a 2018 Christmas card that contained $25. Additionally, the record contains some competent and credible evidence to support the trial court's finding that Appellant lacked justifiable cause for his failure to have more than de minimis contact with the child. Appellant agreed that he could have walked to the child's residence and "bang[ed] on the door" but that he did not so that he would not create unspecified "problems."

{¶7} Appellant also argues that the trial court failed to adequately consider the best-interest factors when determining that the adoption is in the child's best interest. However, we believe that our disposition of Appellant's first assignment of error renders this last assignment of error moot.

{¶8} Accordingly, we sustain Appellant's first assignment of error in part and reverse and remand the trial court's judgment in part so that the court may afford Appellant an opportunity to be heard regarding whether the adoption is in the child's best interest. We overrule Appellant's assignments of error challenging the court's finding that Appellant's consent to the adoption is not required, and we affirm the trial court's decision that

Appellant's consent to the adoption is not required.  We overrule as moot Appellant's last assignment of error.

FACTS

{¶9} On April 11, 2019, the child's stepfather filed a petition to adopt the child.  The petition alleged that Appellant's consent is not required because Appellant failed without justifiable cause to provide more than de minimis contact with the child for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the child in the home of the petitioner.  On that same date, the court set the adoption petition for a hearing to be held on May 14, 2019.  Additionally, the court sent a notice of hearing on the adoption petition to Appellant via certified mail.  On April 29, 2019, the court sent another notice via certified mail.  The record transmitted on appeal does not contain any information that reveals whether either piece of certified mail was successfully served upon Appellant.

{¶10} Nevertheless, Appellant appeared for the adoption petition hearing.  At the hearing, the child's mother stated that Appellant had not had any contact with the child in almost three years.  The child's mother explained that in December 2018, Appellant sent a Christmas card that contained $25, and that in December 2017, Appellant sent some gifts for the

child.  The mother stated that other than those two mailings, Appellant had not had any other contact with the child.

{¶11} Appellant agreed that he had not had any contact with the child for more than one year preceding the adoption petition.  The trial judge asked Appellant why he had not attempted to have contact with the child in nearly three years, even though he could have "walk[ed] down once a week and bang[ed] on the door."  Appellant indicated that he thought doing so would create "problems."

{¶12} After hearing the evidence regarding Appellant's contact, or lack thereof, with the child, the court concluded that Appellant's consent was not required.  The court noted that the evidence did not suggest that the child's mother and stepfather had attempted to hide from Appellant or to change their phone number.  The court advised Appellant of his right to appeal and briefly explained to Appellant that Appellant should retain counsel or research how to file a notice of appeal.  The court then asked court staff to "walk" Appellant out of the courtroom.

{¶13} After Appellant left the courtroom, the trial judge explained to those remaining in the courtroom why he concluded that Appellant's consent was not necessary.  The judge explained that "anything" Appellant "did was de minimis."  The judge additionally indicated that Appellant "sat on his

rights and didn't do anything about it." The court continued: "So, and I want, and I wanted to give him a fair shake. All right, so the records [sic] there, where we're at right now the Court finds consent not necessary." The court then asked the parties whether they were prepared to proceed with the remainder of the adoption hearing.

{¶14} The trial court subsequently granted the adoption petition.

ASSIGNMENTS OF ERROR

Appellant raises the following assignments of error:

"1A: The Probate Court erred in failing to provide Appellant Father sufficient notice of the hearing on petition for adoption."

"1B: The Probate Court erred in refusing to allow Appellant Father to be present for the entirety of the consent portion of the hearing."

"1C: The Probate Court erred in refusing to allow Appellant Father to be present for the best interest portion of the hearing."

"2. The Probate Court erred in finding that Appellant Father's consent to the adoption was not necessary because Appellant Father's contact with the minor child was de minimis for the one year look back period and/or erred in failing to find that Father had justifiable cause for Father's relative lack of contact with the minor child."

"3. The Probate Court erred in finding that it was bound by law to order that Appellant Father's consent to the adoption was not necessary if the court found that Appellant Father's contact with minor child was de minimis."

"4: The Probate Court erred in failing to sufficiently consider the best interest factors found in R.C. 3109.04 and R.C. 3107.161 in making the determination that the adoption was in the best interest of the minor child."

FIRST ASSIGNMENT OF ERROR

{¶15}  In his three-part first assignment of error Appellant argues that the trial court erred (1) by failing to provide him with sufficient notice of the adoption petition hearing, (2) by refusing to allow him to be present for the entire consent portion of the hearing, and (3) by refusing to allow him to be present for the best-interest part of the hearing.

{¶16} Initially, we observe that Appellant did not object to the alleged inadequacies of the notice or to his removal from the courtroom midway through the hearing.  It is well-settled that a party may not raise any new issues or legal theories for the first time on appeal.  *Stores Realty Co. v. Cleveland,* 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975).  Thus, a litigant who fails to raise an argument before the trial court forfeits the right to raise that issue on appeal.  *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 30 (stating that "an appellant generally may not raise an argument on appeal that the appellant has not raised in the lower courts"); *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 21 (explaining that defendant forfeited his constitutional challenge by failing to raise it during trial court proceedings); *Gibson v. Meadow Gold Dairy*, 88 Ohio St.3d 201, 204, 724 N.E.2d 787 (2000) (concluding that party waived arguments for

purposes of appeal when party failed to raise those arguments during trial court proceedings); *State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections*, 65 Ohio St.3d 175, 177, 602 N.E.2d 622 (1992) (explaining that an appellant cannot "present * * * new arguments for the first time on appeal"); *accord State ex rel. Jeffers v. Athens Cty. Commrs.,* 4th Dist. Athens No. 15CA27, 2016-Ohio-8119, 2016 WL 7230928, fn.3 (stating that "[i]t is well-settled that failure to raise an argument in the trial court results in waiver of the argument for purposes of appeal"); *State v. Anderson*, 4th Dist. Washington No. 15CA28, 2016-Ohio-2704, 2016 WL 1643247, ¶ 24 (explaining that "arguments not presented in the trial court are deemed to be waived and may not be raised for the first time on appeal").

{¶17} Appellate courts may, however, consider a forfeited argument using a plain-error analysis.  *See Risner v. Ohio Dept. of Nat. Resources, Ohio Div. of Wildlife,* 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 27 (stating that reviewing court has discretion to consider forfeited constitutional challenges); *see also Hill v. Urbana*, 79 Ohio St.3d 130, 133-34, 679 N.E.2d 1109 (1997), citing *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus (stating that "[e]ven where [forfeiture] is clear, [appellate] court[s] reserve[] the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the

rights and interests involved may warrant it"). For the plain error doctrine to apply, the party claiming error must establish (1) that " 'an error, i.e., a deviation from a legal rule' " occurred, (2) that the error was " 'an "obvious" defect in the trial proceedings,' " and (3) that this obvious error affected substantial rights, i.e., the error " 'must have affected the outcome of the trial.' " *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209, 436 N.E.2d 1001, 1003 (1982) ("A 'plain error' is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect [sic] on the character and public confidence in judicial proceedings."). For an error to be "plain" or "obvious," the error must be plain " 'under current law.' " *Johnson v. United States*, 520 U.S. 461, 467, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), quoting *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). *Accord Barnes*, *supra*, at 27; *State v. G.C.*, 10th Dist. Franklin No. 15AP-536, 2016-Ohio-717, ¶ 14. Thus, the error must be plain "at the time of appellate consideration." *Johnson* at 467.

{¶18} The plain error doctrine is not, however, readily invoked in civil cases. Instead, an appellate court "must proceed with the utmost

caution" when applying the plain error doctrine in civil cases. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). The Supreme Court of Ohio has set a "very high standard" for invoking the plain error doctrine in a civil case. *Perez v. Falls Financial, Inc.*, 87 Ohio St.3d 371, 721 N.E.2d 47 (2000). Thus, "the doctrine is sharply limited to the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss*, 79 Ohio St.3d at 122, 679 N.E.2d 1099; *accord Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, 816 N.E.2d 1049, ¶ 43. Moreover, appellate courts " 'should be hesitant to decide [forfeited errors] for the reason that justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination.' " *Risner* at ¶ 28, quoting *Sizemore v. Smith*, 6 Ohio St.3d 330, 332, 453 N.E.2d 632 (1983), fn. 2; *accord Mark v. Mellott Mfg. Co., Inc.*, 106 Ohio App.3d 571, 589, 666 N.E.2d 631 (4th Dist.1995) ("Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process."). Additionally, "[t]he plain error doctrine should never be applied to reverse a civil judgment * * * to allow litigation

of issues which could easily have been raised and determined in the initial trial." *Goldfuss,* 79 Ohio St.3d at 122, 679 N.E.2d 1099.

{¶19} Therefore, in the case at bar, we will review Appellant's three-part first assignment of error for plain error.

{¶20} Natural parents possess a constitutionally-protected, " 'fundamental liberty interest in the care, custody, and management of their children.' " *In re Adoption of K.N.W.*, 4th Dist. Athens Nos. 15CA36 and 15CA37, 2016-Ohio-5863, ¶ 21, citing *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 16, quoting *In re Hockstok*, 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, ¶ 16; *In re Mullen*, 129 Ohio St.3d 417, 2011-Ohio-3361, 953 N.E.2d 302, ¶ 11. Because an adoption permanently terminates a natural parent's parental rights, courts must afford the natural parent every procedural and substantive protection before it deprives a parent of the right to consent to the adoption. *In re Hayes*, 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997). " 'Among those protections are the right to adequate notice and an opportunity to be heard before any parental rights which may exist are terminated.' " *State ex rel. Smith v. Smith*, 75 Ohio St.3d 418, 421, 662 N.E.2d 366 (1996), quoting *In re Adoption of Greer*, 70 Ohio St.3d 293, 298, 638 N.E.2d 999 (1994), citing *Lehr v. Robertson*, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983); *In*

*re Adoption of Zschach*, 75 Ohio St.3d 648, 653, 665 N.E.2d 1070 (1996)

(observing that " '[t]he fundamental requirement of due process is the

opportunity to be heard "at a meaningful time and in a meaningful

manner" ' "), quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893,

47 L.Ed.2d 18 (1976), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85

S.Ct. 1187, 14 L.Ed.2d 62 (1965).  Moreover, courts must strictly construe

adoption statutes "so as to protect the right of natural parents to raise and

nurture their children."  *In re Schoeppner*, 46 Ohio St.2d 21, 24, 345 N.E.2d

608 (1976); *accord In re Adoption of B.I.*, 157 Ohio St.3d 29, 2019-Ohio-

2450, 131 N.E.3d 28, ¶ 12; *In re Adoption of G.V.*, 126 Ohio St.3d 249,

2010-Ohio-3349, 933 N.E.2d 245, ¶ 6; *In re Adoption of Masa*, 23 Ohio

St.3d 163, 165, 492 N.E.2d 140 (1986).

{¶21}  Upon the filing of a petition to adopt, R.C. 3107.11(A) requires

a trial court to "fix a time and place for hearing the petition" and to provide

at least twenty days' notice of the time and place of the hearing to any

person whose consent to the adoption is necessary and to any person whose

consent is not necessary under R.C. 3107.07(A) and certain other provisions.

Under R.C. 3107.07(A), a biological parent's consent is unnecessary if "the

parent has failed without justifiable cause to provide more than de minimis

contact with the minor * * * for a period of at least one year immediately

preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." Once the court determines whether "the required consents have been obtained or excused," the court then must consider whether "the adoption is in the best interest of the person sought to be adopted." R.C. 3107.14(C); *In re Adoption of Walters*, 112 Ohio St.3d 315, 2007-Ohio-7, 859 N.E.2d 545 ¶ 5.

{¶22} Appellant first asserts that he did not receive adequate notice of the hearing. He alleges that R.C. 3107.11 requires the court to send notice of an adoption petition hearing at least twenty days before the hearing. Appellant argues that he did not receive notice of the adoption petition hearing at least twenty days before the hearing and that the trial court, therefore, lacked jurisdiction to proceed with the adoption petition hearing.

{¶23} In *In re Adoption of Chapman*, 4th Dist. Ross No. 03CA2722, 2004-Ohio-254, 2004 WL 102796, this court determined that a trial court lacked jurisdiction over a parent in an adoption proceeding when the parent had not received notice of the adoption petition hearing at least twenty days before the date of the hearing. In *Chapman*, the parent had been served by publication with the last date of publication occurring approximately two and one-half weeks before the adoption petition hearing. The parent did not

appear for the adoption petition hearing and the trial court subsequently entered an adoption decree.

{¶24} Approximately five months after the adoption decree, the parent filed a Civ.R. 60(B) motion for relief from judgment. The trial court denied the parent's motion, and he appealed.

{¶25} We strictly construed the R.C. 3107.11(A) twenty-day notice requirement and determined that because the parent had not received notice in accordance with the twenty-day period set forth in R.C. 3107.11(A), "the trial court did not have jurisdiction over [the parent] in the adoption proceedings." *Id.* at ¶ 11. We thus agreed with the parent that the trial court lacked jurisdiction to enter an order in the adoption proceeding and reversed the trial court's judgment. *Id.* at ¶ 12.

{¶26} Here, we do not believe that *Chapman* requires us to conclude that the trial court lacked jurisdiction to enter an adoption decree involving Appellant's child. Unlike the parent in *Chapman*, Appellant does not dispute that he received notice of the adoption petition hearing at some point before the hearing occurred. Furthermore, Appellant, again unlike the parent in *Chapman*, appeared for the adoption petition hearing and participated in the consent phase of the adoption petition hearing.

{¶27} Moreover, we observe that a party may waive a challenge to a court's personal jurisdiction by voluntarily appearing before the court. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10; *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 13. In the present case, Appellant appeared before the court and did not raise any claim that he lacked adequate notice of the adoption petition hearing. He also did not request a continuance in order to obtain counsel or to gather evidence to present at the adoption petition hearing. Furthermore, Appellant has not argued on appeal what evidence or arguments he would have made to counter his admission that he failed to have contact with his child for approximately three years. Consequently, under the circumstances present in the case at bar, we are unable to conclude that the trial court erred by failing to give Appellant the statutorily-required twenty days' notice of the adoption petition hearing.

{¶28} Appellant next argues that the trial court violated his due process rights by removing him from the hearing once the court determined that his consent was not necessary.

{¶29} Even when a court determines that a parent's consent is not required due to the parent's unjustifiable failure to have more than de minimis contact with the child for at least one year before the adoption

petition, the parent retains a due process right to notice and an opportunity to be heard on the question whether the adoption is in the child's best interest. *In re Adoption of R.M.T.*, 12th Dist. Warren No. CA2017-12-177, 2018-Ohio-1691, 2018 WL 2041564, ¶ 26; *In re Adoption of Groh*, 153 Ohio App.3d 414, 2003-Ohio-3087, ¶ 71-73, 794 N.E.2d 695 (7th Dist.); *In re Adoption of Jordan*, 72 Ohio App.3d 638, 646, 595 N.E.2d 963 (12th Dist. 1991); *In re Adoption of Jorgensen*, 33 Ohio App.3d 207, 209, 515 N.E.2d 622 (3d Dist.1986). In *R.M.T.*, for instance, the court found that the father "was entitled to an opportunity to participate in the proceedings to show that the adoption was not in [the child's] best interest," even though the trial court had found that the father's consent to the adoption was not required. The court explained:

> "[U]ntil the hearing on the merits of the petition and the best interest of the minor child has been determined the natural parent not only retains parental rights and responsibilities but retains an overriding interest in being heard relevantly on the issue of whether the proposed adoption would be in the best interest of the child." *In re Adoption of Jordan*, 72 Ohio App.3d 638, 646, 595 N.E.2d 963 (12th Dist. 1991), quoting *In re Adoption of Jorgensen*, 33 Ohio App.3d 207, 209, 515 N.E.2d 622 (3d Dist.1986).

*Id.* at ¶ 26; *accord In re Adoption of B.M.S.*, 10th Dist. Franklin No. 07AP-236, 2007-Ohio-5966, 2007 WL 3293369, ¶ 14.

{¶30} Here, the trial judge inexplicably removed Appellant from the courtroom once the court determined that Appellant's consent to the adoption was not required. After Appellant's removal, the court continued with the hearing and considered whether adoption was in the child's best interest. By depriving Appellant of an opportunity to be heard on the matter of the child's best interest, the trial court plainly violated Appellant's due process rights. *R.M.T.* at ¶ 26; *Groh* at ¶ 71-73; *Jordan*, 72 Ohio App.3d at 646; *Jorgensen*, 33 Ohio App.3d at 209.

{¶31} Moreover, we believe that the trial court's error is of sufficient magnitude to result in a miscarriage of justice because of the fundamental liberty interest at stake. By removing Appellant from the hearing, the court denied Appellant the opportunity to show the court that the adoption is not in the child's best interest. The court thus denied Appellant his last and only opportunity to establish that the court should not permanently sever his relationship with the child and permanently terminate his fundamental parental rights. Thus, we believe that failing to correct the trial court's error would create a manifest miscarriage of justice in that it would permit the termination of Appellant's parental rights without affording Appellant an opportunity to be heard on the merits.

{¶32} We do not, however, believe that the trial court plainly erred by depriving Appellant of a fair opportunity to be heard regarding whether his consent to the adoption is required. The court removed Appellant from the courtroom after the court had heard Appellant's testimony and explanation why he did not have contact with the child during the year preceding the adoption petition. Before the court removed Appellant, the court questioned Appellant and listened to his answers. Additionally, while Appellant remained in the courtroom, the court informed Appellant that it determined that his consent was not necessary and explained that the court did not believe Appellant had established a "justifiable reason" for failing to communicate with the child. The court then advised Appellant of his right to appeal, and Appellant stated that he wanted to appeal the court's decision. Shortly thereafter, the court requested court staff to escort Appellant out of the courtroom.

{¶33} After the court removed Appellant, the court expounded upon its rationale for finding that Appellant's consent was not required. We do not believe that the court's ruminations during Appellant's absence deprived Appellant of a fair opportunity to be heard regarding the consent issue.

{¶34} Accordingly, we sustain the part of Appellant's first assignment of error that challenges the court's decision to exclude him from the best-

interest part of the hearing.  In all other respects, we overrule Appellant's

first assignment of error.

### SECOND AND THIRD ASSIGNMENTS OF ERROR

{¶35} Appellant's second and third assignments of error challenge the

trial court's finding that his consent to the adoption was not required.

Because the same essential principles apply to both assignments of error, we

consider them together.

{¶36} In his second assignment of error, Appellant claims that the trial

court wrongly determined that he failed without justifiable cause to have

more than de minimis contact with the child for the one-year period

preceding the filing of the adoption petition.

{¶37}  In his third assignment of error, Appellant asserts that the trial

court erred by concluding that Ohio law required it to find that Appellant's

consent to adopt was not required if the court determined that Appellant's

contact with the child was de minimis.

{¶38} Because parents have a constitutionally protected fundamental

liberty interest in the care, custody, and management of their children,

parental consent to an adoption ordinarily is required.  *In re Adoption of*

*Schoeppner,* 46 Ohio St.2d 21, 24, 345 N.E.2d 608 (1976); *accord In re*

*Adoption of M.G.B.-E.,* 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d

1236, ¶ 40; R.C. 3107.06.  Any exception to the consent requirement "must be strictly construed so as to protect the right of natural parents to raise and nurture their children."  *In re Adoption of Schoeppner,* 46 Ohio St.2d 21, 24, 345 N.E.2d 608 (1976); *accord In re Adoption of M.G.B.-E.,* 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d 1236, ¶ 40.

{¶39} R.C. 3107.07 defines the circumstances under which a parent's consent to adoption is not required.  As relevant in the case at bar, under R.C. 3107.07(A), a parent's consent to adoption is not required if the trial court "finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor * * * for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

{¶40} R.C. 3107.07(A) thus involves "a two-step analysis."  *In re Adoption of M.B.,* 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, ¶ 23.  First, a court must consider whether a parent failed to have more than de minimis contact with the child or failed to support the child for a minimum of one year preceding the filing of the adoption petition.  *Id.* Second, if the parent failed in either of the foregoing respects, the court then determines whether justifiable cause exists.  *Id.*  A parent ordinarily "has

justifiable cause for failing to communicate when the custodial parent

significantly interferes with or significantly discourages communication." *In*

*re Adoption of M.G.B.-E.,* 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d

1236, ¶ 39.

{¶41} The party petitioning for adoption has the burden of proving by

clear and convincing evidence that the parent failed without justifiable cause

to have more than de minimis contact with the child. *In re Holcomb,* 18

Ohio St.3d 361, 368, 481 N.E.2d 613 (1985); *accord In re B.B.S.,* 4th Dist.

Washington No. 15CA35, 2016-Ohio-3515, ¶ 30. In other words, "[n]o

burden is to be placed upon the non-consenting parent to prove that his

failure * * * was justifiable." *Holcomb* at 368.

{¶42} A probate court possesses discretion when determining whether

a parent failed to have contact with the child during the one-year period. *Id.*

at ¶ 25. Thus, in the absence of an abuse of discretion, an appellate court

will not disturb the probate court's finding concerning a parent's failure to

have contact with the child. *Id.* Abuse of discretion means an

" 'unreasonable, arbitrary, or unconscionable use of discretion, or

* * * a view or action that no conscientious judge could honestly have

taken.' " *State v. Kirkland,* 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d

818, ¶ 67, quoting *State v. Brady,* 119 Ohio St.3d 375, 2008-Ohio-4493, 894

N.E.2d 671, ¶ 23. "An abuse of discretion includes a situation in which a trial court did not engage in a ' "sound reasoning process." ' " *State v. Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34, quoting *State v. Morris,* 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). The "[a]buse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." *Darmond* at ¶ 34. Accordingly, the probate court's decision may be reversed only if an appellant can demonstrate that the decision was unreasonable, arbitrary, or unconscionable.

{¶43} The question of justifiable cause, however, is a factual matter for the probate court that an appellate court will not disturb unless the probate court's finding " 'is against the manifest weight of the evidence.' " *M.B.* at ¶ 24, quoting *In re Adoption of Masa,* 23 Ohio St.3d 163, 492 N.E.2d 140 (1986), paragraph two of the syllabus. "When an appellate court reviews whether a trial court's decision is against the manifest weight of the evidence, the court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such

a manifest miscarriage of justice that the judgment must be reversed." *Martin v. Jones,* 2015-Ohio-3168, 41 N.E.3d 123, ¶ 68 (4th Dist.), citing *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 25. Generally, an appellate court will presume that a trial court's findings are accurate and will reverse a judgment as being against the manifest weight of the evidence only in the exceptional case in which the evidence weighs heavily against the judgment. *In re K.N.W.,* 4th Dist. Athens Nos. 15CA36, 15CA37, 2016-Ohio-5863, ¶ 27.

{¶44} Moreover, when reviewing evidence under the manifest weight of the evidence standard, an appellate court generally must defer to the factfinder's credibility determinations. *Eastley* at ¶ 21. Thus, " ' "every reasonable intendment must be made in favor of the judgment and the finding of facts." ' " *Id.,* quoting *Seasons Coal Co.*, 10 Ohio St.3d at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978). Furthermore, " ' "[i]f the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." ' " *Id.,* quoting *Seasons Coal Co.*, 10 Ohio St.3d at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978).

{¶45} Consequently, "we should not reverse a judgment merely because the record contains evidence that could reasonably support a different conclusion." *Bugg v. Fancher*, 4th Dist. Highland No. 06CA12, 2007-Ohio-2019, 2007 WL 1225734, ¶ 9. Instead, as we explained in *Bugg*:

> It is the trier of fact's role to determine what evidence is the most credible and convincing. The fact finder is charged with the duty of choosing between two competing versions of events, both of which are plausible and have some factual support. Our role is simply to insure the decision is based upon reason and fact. We do not second guess a decision that has some basis in these two factors, even if we might see matters differently. Rather, we must defer to the trier of fact in that situation.

*Id.* at ¶ 9.

{¶46} As such, when there are two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, we will not choose which one is more credible. *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999). We additionally observe that the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it and "may separate the credible parts of the testimony from the incredible parts." *KB Resources, LLC v. Patriot Energy Partners, LLC*, 7th Dist. Columbiana No. 17 CO 0002, 2018-Ohio-2771, 2018 WL 3487166, ¶ 85; *Thompson v. Hayslip*, 74 Ohio App.3d 829, 600 N.E.2d 756 (4th Dist. 1991).

{¶47} After our review of the evidence here, we do not believe that the trial court abused its discretion by determining that Appellant failed to have more than de minimis contact with the child during the year preceding the filing of the adoption petition. At the hearing, Appellant admitted that he had not had any direct contact with the child in approximately three years. The testimony showed that Appellant's only contact with the child was through a 2018 Christmas card and a 2017 Christmas package. Other than those two instances, Appellant did not have any other contact with the child. Therefore, we lack any basis to find that the trial court acted unreasonably, unconscionably, or arbitrarily by determining that Appellant did not have more than de minimis contact with the child.

{¶48} Furthermore, we do not believe that the court's finding that Appellant lacked justifiable cause for failing to have more than de minimis contact with the child is against the manifest weight of the evidence. Appellant indicated that even though he could have attempted to contact the child, he did not because he was afraid of causing "problems." The court noted that Appellant could have walked to the child's residence "once a week and bang[ed] on the door." Appellant responded: "Oh no, that wasn't allowed." The court asked Appellant whether he bore some responsibility for not attempting to contact the child. Appellant stated that he "guess[ed]"

so, but "when you live with the devil, I mean you aint [sic] allowed to do a certain thing, you, I mean it just causes problems at home." We believe that the foregoing evidence constitutes some competent and credible evidence to support the court's finding that Appellant's failure to contact the child was not justifiable. Consequently, we will not disturb the court's finding.

{¶49} Appellant further alleges that the trial court erred as a matter of law. Appellant asserts that the court operated under an erroneous presumption that Ohio law required the court to find that Appellant's consent to the adoption is not required if the court found that Appellant's contact with the child was de minimis. Appellant cites various parts of the adoption hearing transcript to support his argument. However, after our review of the entire record, we are unable to agree with Appellant that the trial court applied an incorrect legal rule when it found that Appellant's consent to the adoption is not required. We note that a court speaks only through its journal entries and that none of the journal entries in this case indicate that the court applied an incorrect rule of law. *E.g., S.P. Drilling Services, Inc. v. Cooper's Excavating LLC*, 4th Dist. Adams No. 17CA1058, 2019-Ohio-55, 2019 WL 171567, ¶ 13, citing *Short v. Greenfield Meadows Assoc.*, 4th Dist. Highland No. 07CA14, 2008-Ohio-3311, ¶ 11.

Additionally, the entirety of the adoption hearing transcripts fails to show that the trial court applied an incorrect legal rule.

{¶50} Accordingly, based upon the foregoing reasons, we overrule Appellant's second and third assignments of error and affirm the trial court's judgment.

FOURTH ASSIGNMENT OF ERROR

{¶51} In his fourth assignment of error, Appellant argues that the trial court erred by failing to adequately consider the best-interest factors. We believe that our disposition of Appellant's assignment of error challenging the court's decision to remove him from the courtroom before the best-interest hearing renders Appellant's fourth assignment of error moot. Thus, we do not address it. App.R. 12(A)(1)(c).

{¶52} Accordingly, based upon the foregoing reasons, we summarily overrule Appellant's fourth assignment of error.

CONCLUSION

{¶53} Based upon the foregoing reasons, we sustain the portion of Appellant's first assignment of error that challenges the court's decision to remove him from the courtroom before the best-interest hearing. In all other respects, we overrule Appellant's first assignment of error. We also overrule

Appellant's second and third assignments of error. We overrule as moot Appellant's fourth assignments of error.

{¶54} We affirm the trial court's decision that Appellant's consent to the adoption is not required. But we reverse the trial court's judgment granting the adoption, and we remand the matter to the trial court so that it may allow Appellant an opportunity to be heard on the matter of the child's best interest.

**JUDGMENT AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

## __JUDGMENT ENTRY__

It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.  Costs shall be divided equally between the parties.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court, Probate Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.: Concur in Judgment and Opinion.


For the Court,


_____
Jason P. Smith
Presiding Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**