[Cite as *In re Adoption of C.L.D.*, 2022-Ohio-368.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| In the Matter of the Adoption of: | : | Case No. 21CA1 |
| C.L.D. | : | |
| | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| | : | **RELEASED 2/4/2022** |

_____

APPEARANCES:

Warren N. Morford, Jr., Ironton, Ohio, for appellant.

Andrew J. Noe, Gallipolis, Ohio, for appellees.

_____

Hess, J.

{¶1}   V.C.T. appeals the judgment of the Gallia County Court of Common Pleas, Probate Division, granting the petition of R.L.D. to adopt his child based on its determination that V.C.T.'s consent was unnecessary, and the adoption was in the best interest of the child.   V.C.T. contends that his consent was required because he had justifiable cause for having de minimis contact with the child during the one-year period prior to the filing of the adoption petition. He also contends that the adoption was not in the child's best interest and that the trial court erred to his prejudice because he was not transported from the Noble Correctional Institution for the hearings but instead attended via a video conferencing service.

{¶2}   We find that the trial court did not abuse its discretion in finding V.C.T. had de minimis contact with his child and its finding that he lacked a justifiable cause was not against the manifest weight of the evidence. According to the evidence presented at the hearing, V.C.T. knew how to contact his child, was not significantly interfered with or

discouraged from doing so by the custodial parent, and only sent one or two letters to the child during the relevant period. We overrule his first two assignments of error. V.C.T. failed to make any argument in support of his third and fourth assignments of error, therefore, in accordance with App.R. 12(A)(2), we disregard them. We affirm the trial court's judgment.

## I.  FACTS AND PROCEDURAL HISTORY

**{¶3}**   V.C.T. married Cynthia L.D and they had one child, C.L.D., in 2007. In 2016, V.C.T. was charged with multiple felonies and was imprisoned from 2016 until September 2021. The marriage ended in 2017. Cynthia remarried and her husband, R.L.D., filed a petition to adopt C.L.D in March 2020. In September 2020, the trial court held a hearing and determined that V.C.T.'s consent to the adoption was unnecessary. In December 2020, the trial court held a hearing, determined that adoption was in the child's best interest, and issued a final decree of adoption on January 11, 2021. V.C.T. appealed.

## II.  ASSIGNMENTS OF ERROR

**{¶4}**   V.C.T. presents four assignments of error:

I.      The trial court erred to his maternal [sic] prejudice, when it determined, his consent was not required to the adoption of [C.L.D.].

II.     The trial court erred to his material prejudice, when it found that petitioners/appellees had met their burden proof of party [sic] under R.C. 3107.07.

III.    The trial court erred to his material prejudice, when it determined that the best interest of [C.L.D.] would be served by granting the subject Petition for Adoption.

IV.     The trial court erred, to his material prejudice, by conducting the hearings via Blue Jeans. At all times pertinent hereto, the appellant, [V.C.T.], has been incarcerated. The rial [sic] counsel refused to

have appellant transported from Noble Correctional Institution to trial court.

V.C.T. failed to include references to the record that he relies on in support of his arguments and he failed to make any arguments in support of his third and fourth assignments of error as required by App.R. 16(A)(3) and (7), so it would be within our authority to summarily overrule them and affirm the trial court's judgments. *Ogle v. Kroger Co.,* 4th Dist. Hocking No. 13CA22, 2014-Ohio-1099, ¶ 14, citing App.R. 12(A)(2); App.R. 16(A)(3) (stating that an appellant's brief must include "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected"); App.R. 16(A)(7) (requiring that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies"). Nevertheless, in the interest of justice, we will address V.C.T.'s first and second assignments of error for which he provides a legal argument.

{¶5}   However, in accordance with App.R. 12(A)(2), we disregard the third and fourth assignments of error because V.C.T. makes no argument in support of these assignments of error. *See* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief as required under App.R. 16(A)"); *see also State v. Nelson*, 4th Dist. Ross No. 20CA3733, 2021-Ohio-2752, ¶ 8-9; *Jones v. Jones,* 4th Dist. Highland No. 20CA3, 2021-Ohio-1498, ¶ 36-37*; Haldy v. Hoeffel,* 3rd Dist. Henry No. 7-19-08, 2020-Ohio-975, ¶ 16 ("appellate courts are not obligated to search the record or

formulate legal arguments on behalf of the parties"); *Nob Hill E. Condominium Assn. v. Grundstein*, 8th Dist. Cuyahoga No. 95919, 2011-Ohio-2552, ¶ 11 (stating that an appellate court is "not obliged to scour the record in search of evidence to support an appellant's assignment of error"); *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, 850 N.E.2d 1218, ¶ 94 (10th Dist.) (finding it is "not appropriate for this court to construct the legal arguments in support of an appellant's appeal. 'If an argument exists that can support this assignment of error, it is not this court's duty to root it out.' ").

## III. LEGAL ANALYSIS

### A. Consent for Adoption

**{¶6}** In his first two assignments of error, V.C.T. contends that the trial court erred in finding that his consent to the adoption was unnecessary and that the petitioner R.L.D. failed to show by clear and convincing evidence that V.C.T.'s consent was unnecessary.

**{¶7}** R.C. 3107.07(A) provides that consent to adoption is not required where:

(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

**{¶8}** R.C. 3107.07(A) involves "a two-step analysis." *In re Adoption of M.B.,* 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, ¶ 23. First, a court must consider whether a parent failed to have more than de minimis contact with the child or failed to support the child for a minimum of one year preceding the filing of the adoption

petition. *Id.* Second, if the parent failed in either respect, the court determines whether justifiable cause exists. *Id.* A parent ordinarily "has justifiable cause for failing to communicate when the custodial parent significantly interferes with or significantly discourages communication." *In re Adoption of M.G.B.-E.*, 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d 1236, ¶ 39.

{¶9}   The party petitioning for adoption has the burden of proving by clear and convincing evidence that the parent failed without justifiable cause to have more than de minimis contact with the child. *In re Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985). "No burden is to be placed upon the non-consenting parent to prove that his failure * * * was justifiable." *Id.*

{¶10} The probate court possesses discretion in determining whether a parent failed to have contact with the child during the one-year period. *In re Adoption of M.B.* at ¶ 25; *accord In the Matter of K.M.F. and K.A.F.,* 4th Dist. Highland Nos. 19CA1, 19CA2, 2019-Ohio-2451, ¶ 13 ("Generally, a probate court possesses discretion to determine whether a parent failed to have contact with or support the child during the one-year period." citing *In re Adoption of M.B.* at ¶ 25). Therefore, an appellate court will not disturb the probate court's finding concerning a parent's failure to have contact with the child in the absence of an abuse of discretion. *Id.* Abuse of discretion means an " 'unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken.' " *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23. "Abuse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial

court." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. Accordingly, the probate court's decision may be reversed only if an appellant can demonstrate that the decision was unreasonable, arbitrary, or unconscionable.

**{¶11}** However, the question of justifiable cause is a factual matter for the probate court that an appellate court will not disturb unless the probate court's finding " 'is against the manifest weight of the evidence.' " *M.B.* at ¶ 24, quoting *In re Adoption of Masa*, 23 Ohio St.3d 163, 492 N.E.2d 140 (1986), paragraph two of the syllabus. "When an appellate court reviews whether a trial court's decision is against the manifest weight of the evidence, the court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed." *Martin v. Jones*, 2015-Ohio-3168, 41 N.E.3d 123, ¶ 68 (4th Dist.), citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 25. Generally, an appellate court will presume that a trial court's findings are accurate and will reverse a judgment as being against the manifest weight of the evidence only in the exceptional case in which the evidence weighs heavily against the judgment. *In re K.N.W.*, 4th Dist. Athens Nos. 15CA36, 15CA37, 2016-Ohio-5863, ¶ 27.

**{¶12}** When reviewing evidence under the manifest weight of the evidence standard, an appellate court generally must defer to the factfinder's credibility determinations. *Eastley* at ¶ 21. Thus, " ' "every reasonable intendment must be made in favor of the judgment and the finding of facts." ' " *Id.*, quoting *Seasons Coal Co.*, 10 Ohio St.3d at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978). Furthermore, " ' "[i]f the evidence is susceptible of more than one

construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." ' " *Id.*, quoting *Seasons Coal Co.*, 10 Ohio St.3d at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978); *Matter of Adoption of T.C.W.*, 4th Dist. Meigs No. 19CA6, 2020-Ohio-1484, ¶ 40-44.

**{¶13}** Here the trial court determined that V.C.T.'s consent was unnecessary because he had failed without justifiable cause to provide more than de minimis contact with the child for a period of at least one year immediately preceding the filing of the adoption petition. The adoption petition was filed on March 11, 2020, therefore the relevant one-year look back period began March 11, 2019. The trial court found that V.C.T. made only three attempts to contact his child since his incarceration in September 2016: (1) a phone call prior to March 2017; (2) a letter in October 2017; and (3) a letter during the relevant one-year period. The trial court found that V.C.T.'s failure to have more than de minimis contact was without justifiable cause because he had accurate contact information for the child and neither the mother nor petitioner did anything to significantly interfere with or significantly discourage communication between V.C.T. and the child.

**{¶14}** Based on our review of the record, we find that the trial court did not abuse its discretion when it determined that V.C.T. failed to have more than de minimis contact with the child during the year preceding the filing of the adoption petition. At the hearing, Cynthia L.D. testified that during the relevant one-year period, V.C.T. sent only one letter to his child and she did nothing to prevent V.C.T. from contacting the child. Both Cynthia and R.L.D. testified that V.C.T. had their phone number, and V.C.T. only attempted to

telephone one time back in 2017. V.C.T. testified that he sent two letters during the relevant one-year period and did not try to make contact by telephone. V.C.T. also testified that he signed his child up for a charitable program that sends Christmas gifts on behalf of inmates to their children, but Cynthia L.D. testified that the charity told her that V.C.T.'s mother signed the child up for the program. Other than one letter according to Cynthia L.D., or possibly two letters according to V.C.T., V.C.T did not have any other contact with the child. Therefore, we lack any basis to find that the trial court acted unreasonably, unconscionably, or arbitrarily in determining that V.C.T did not have more than de minimis contact with the child.

{¶15} Furthermore, we find that the court's finding that V.C.T. lacked justifiable cause for failing to have more than de minimis contact with the child is not against the manifest weight of the evidence. Both Cynthia L.D. and R.L.D. testified that V.C.T. had the child's home address and home phone number and could have written letters to or telephoned the child. Neither of them blocked his phone number, nor was there any court ordered injunction preventing V.C.T. from contacting his child. R.L.D. received a collect call from V.C.T. from the county jail sometime in 2017 but did not accept the charges. V.C.T. indicated that even though he "always have money on my books to make phone calls, I always have money to call home" he never attempted to call his child after that initial attempt in 2017 because he was told by a county jail employee that he would have criminal charges brought against him. Thus, V.C.T. admitted he never attempted to telephone his child during the relevant one-year period.  We defer to the trial court in making credibility determinations and in evaluating how much weight to give V.C.T.'s testimony. We believe that the foregoing evidence constitutes some competent and

credible evidence to support the court's finding that V.C.T.'s failure to contact the child was not justifiable. Consequently, we will not disturb the court's finding.

{¶16} We overrule V.C.T.'s first and second assignments of error and affirm the trial court's finding that V.C.T.'s consent to the adoption was unnecessary.

### B. App.R. 12(A)(2) – Failure to Make an Argument

{¶17} V.C.T.'s third assignment of error challenges the trial court's finding that the adoption is in the child's best interest and his fourth assignment of error challenges his participation in the hearings via a video conferencing service.

{¶18} The trial court held a best interest hearing and V.C.T. participated via a video conferencing service. He had an attorney present, called witnesses, and testified on his own behalf. R.C. 3107.161(B)(1) - (11) governs the best interest factors a trial court should consider when determining whether a contested adoption is in the child's best interest. The trial court's decision specifically referenced R.C. 3107.161, analyzed a number of those factors in light of the evidence presented at the hearing, and determined that adoption was in the child's best interest. V.C.T has failed to identify any error in the record or make any argument to support his contention that the adoption was not in the child's best interest. In accordance with App.R. 12(A)(2), we disregard his third assignment of error.

{¶19} Likewise, V.C.T. participated in both the consent hearing and the best interest hearing via a video conference service. There is nothing in the record to indicate he was prejudiced in any manner by this method of participation. In fact, he requested on at least one occasion to speak confidentially with his attorney during the best interest hearing and was readily accommodated. Again, he failed to refer to any place in the

record or make any argument to support his contention that he was materially prejudiced by participation via video conference.

{¶20} Thus, in accordance with App.R. 12(A)(2), we disregard his third and fourth assignments of error. We affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court, Probate Division to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
        Michael D. Hess, Judge




**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.